1  D. GILL SPERLEIN (172887)
2  THE LAW OFFICE OF D. GILL SPERLEIN
   584 Castro Street, Suite 879
3  San Francisco, California  94114
   Telephone: (415) 404-6615
4  Facsimile: (415) 404-6616
5  gill@sperleinlaw.com

6  Attorney for Plaintiff
7  IO GROUP, INC.

8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation, | CASE NO.: C-10-4381 (CW)(DMR) |
| Plaintiff, | **PLAINTIFF IO GROUP, INC.'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO EXTEND TIME TO SERVE DEFENDANTS AND TO RESET CASE MANAGEMENT CONFERENCE** |
| vs. | |
| DOES 1-138 individuals, | **Current CMC Schedule:** |
| Defendants. | Date: 12/7/2010<br>Time: 2:00 p.m.<br>CtRm: |

Pursuant to Local Rule 7-11, Plaintiff moves the Court to extend the time to serve Defendant Does 1-138 and to reset the Case Management Conference currently scheduled for December 7, 2010 at 2:00 p.m.   Plaintiff could not obtain stipulation for this motion because Plaintiff, in spite of diligent efforts, has not yet identified the Doe Defendants.

1

**I.   GOOD CAUSE EXSISTS FOR PLAINTIFF'S REQUEST FOR ADDITIONAL TIME TO SERVE DEFENDANTS.**

Federal Rule for Civil Procedure 4(m) requires Plaintiff to serve defendants within 120 days of filing the Complaint, but also provides that the Court must extend that time for good cause.  Fed. R. Civ. Pro. 4(m).  Plaintiff filed its Complaint on September 28, 2010, making the service deadline January 26, 2010.

As previously raised to the Court in its Motion for Leave to Take Early Discovery, Plaintiff does not currently know the identity of the Doe Defendants in this matter. [Plaintiff's Administrative Request for Leave to Take Discovery prior to Rule 26 Conference,  Docket No. 4]  Currently, the only clue Plaintiff has to the identity of the Does, is the ip address associated with the infringing activity.  [*Id*. at 2:22-26]  Therefore, Plaintiff filed an administrative request for leave to subpoena Defendants' Internet Service Provider, Verizon Internet, in order to obtain identifying information of the account holders of the ip addresses identified in the Complaint.

Plaintiff originally filed its request to take early discovery on October 8, 2010, just 8 Court days after filing the Complaint.   Plaintiff shortly thereafter declined to proceed before a magistrate judge, the matter was reassigned to this Court, and the discovery request was referred to Judge Ryu, who expediently granted Plaintiff's request on November 9, 2010.  [Order Granting Plaintiff Leave to Take Early Discovery, Docket No. 14]  Plaintiff served a subpoena on Verizon through its partner Frontier Communications that same day. [Declaration of D. Gill Sperlein in Support of Io Group, Inc.'s Miscellaneous Administrative Request To Extend Time To Serve Defendants and

To Reset Case Management Conference at ¶2; Exhibit A]  Frontier Communication immediately communicated to Plaintiff's attorney that it could only provide information for some of the subscribers identified by IP address in the subpoena, and that Plaintiff should serve a separate subpoena on Verizon at a different address for the remainder.  [*Id.* at ¶3]  Plaintiff's counsel served a second subpoena for the remaining ip addresses on November 15, 2010.  [*Id.* at ¶4]

Because, the subpoena Plaintiff served on Verizon requested information for a large number of subscribers (126 in all), and because Plaintiff is aware that ISPs have recently received a large number of similar subpoenas, Plaintiff allowed Verizon until December 31, 2010 to respond.  [*Id.*]

On November 15, 2010, Plaintiff's counsel spoke with Verizon's compliance manager, Todd Schulman, who informed him that Verizon is unable to provide the information within the time allotted and that they will only produce subscriber information at the rate of 20 subscribers per month.  [*Id.* at ¶5]  At this rate, Plaintiff will not receive information on all the Subscribers until approximately May 31, 2011.  [*Id.*]

Since there is no other means for identifying the Doe Defendants and since it is impossible for Plaintiff to serve them without first identifying them, Plaintiff has good cause for requesting an extension of time to complete service.   Since most litigants have 120 days to serve defendants, Plaintiff requests 120 days from the date Verizon will provide the subscriber information.  Thus, Plaintiff respectfully requests that the deadline for serving the Doe Defendants be extended until Wednesday, September 28, 2011.

## II. UNTIL PLAINTIFF IDENTIFIES AND SERVES DEFENDANTS, A CASE MANAGMNT CONFERNCE WOULD SERVE LITTLE PURPOSE.

Because a Case Management Conference is of little value prior to naming and serving the Doe Defendants, Plaintiff requests that the Case Management Conference currently scheduled for December 7, 2010 at 2:00 p.m., be reset for Tuesday, October 4, 2011 at 2:00 p.m.

Respectfully Submitted,

                                                */s/ D. Gill Sperlein*

Dated: November 30, 2010                 _____

                                                D. Gill Sperlein
                                                THE LAW OFFICE OF D. GILL SPERLEIN
                                                Attorney for Plaintiffs