UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., | No. C-10-04381-CW (DMR) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY MOTION TO QUASH SHOULD NOT BE DENIED AS UNTIMELY, AND STAYING COMPLIANCE WITH SUBPOENA** |
| v. | |
| DOES 1-138, | |
| Defendants. | |

On November 9, 2010, this Court granted Plaintiff IO Group, Inc.'s administrative request for leave to take early discovery, and granted Plaintiff leave to serve a subpoena upon Verizon Online, LLC ("Verizon"), seeking the names and addresses of subscribers assigned specific IP addressed identified in the subpoena. *See* Docket No. 14. On December 30, 2010, Defendant S.P. filed a Motion to Quash Plaintiff's subpoena, *see* Docket No. 22, which was referred to this Court for resolution.

**By no later than January 20, 2011**:

1) Defendant S.P. shall file with the Court and serve on Plaintiff his or her IP address.

2) Defendant S.P. shall file with the Court and serve on Plaintiff an explanation of why his or her Motion to Quash was not untimely, by explaining the following. Plaintiff has represented to the Court that Verizon was served with the subpoena at one address for Verizon on November 9, 2010, and at a separate address for Verizon on November 15, 2010. *See* Docket No. 16. Per the Court's

November 9, 2010 Order, Verizon was required to serve a copy of Plaintiff's subpoena and the Court's November 9, 2010 Order on relevant subscribers within 5 days of receipt of the subpoena from Plaintiff.  In turn, S.P. was required to file any objections or motion to quash the subpoena within 15 days of service by Verizon on S.P.  It is unclear from the record the exact date when S.P. was served by Verizon and therefore whether the Motion to Quash was filed by S.P. within the requisite period of 15 days of service by Verizon.  For example, if Verizon complied with the Court's November 9, 2010 Order and served S.P. within 5 days of either November 9, 2010 or November 15, 2010, then S.P.'s Motion to Quash was due no later than November 30, 2010 or December 7, 2010, respectively.  However, as noted above, S.P.'s Motion to Quash was not filed with this Court until December 30, 2010.

Therefore, in the explanation to be filed with the Court, S.P. shall set forth the exact date he or she was served by Verizon and shall attach a copy of the documents that Verizon served on S.P.  Because the Court has not ruled on S.P.'s Motion to Quash pending a determination of whether it was timely filed, S.P. may cross out his or her identifying information (except for his or her initials and the IP address) on the documents that S.P. submits to explain whether the Motion to Quash was timely filed.

Verizon shall stay its compliance with Plaintiff's subpoena until **January 21, 2011**.

If, by January 20, 2011, Defendant S.P. fails to file with the Court and serve Plaintiff with Defendant's IP address and explanation of why the Motion to Quash was timely, Defendant S.P.'s Motion to Quash shall be DENIED as untimely and/or moot.  Plaintiff shall inform Verizon that it may proceed to comply with Plaintiff's subpoena with respect to all IP addresses listed on the subpoena (except for IP addresses belonging to other Defendants who timely file objections or move to quash the subpoena with the Court).

If, by January 20, 2011, Defendant S.P. files with the Court and serves Plaintiff with Defendant's IP address and explanation of why the Motion to Quash was timely, Plaintiff shall inform Verizon that it may proceed to comply with Plaintiff's subpoena with respect to all IP addresses listed on the subpoena **except for the IP address belonging to Defendant S.P.** and IP addresses belonging to any other Defendants who timely file objections or move to quash the

subpoena with the Court. The Court will then decide whether Defendant S.P.'s Motion to Quash was in fact timely filed and whether the subpoena with respect to Defendant S.P. should be quashed.

**Immediately upon receipt of this Order, Plaintiff shall serve this Order upon Verizon and shall e-file a proof of service on the same day that service is effected.**

IT IS SO ORDERED.

Dated: January 11, 2011

DONNA M. RYU
United States Magistrate Judge