**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC.,                      No. C-10-04381-CW (DMR)

    Plaintiff,                      **ORDER STAYING COMPLIANCE WITH SUBPOENA**

    v.

DOES 1-138,

    Defendants.
_____/

On November 9, 2010, this Court granted Plaintiff IO Group, Inc.'s administrative request for leave to take early discovery, and granted Plaintiff leave to serve a subpoena upon Verizon Online, LLC ("Verizon"), seeking the names and addresses of subscribers assigned specific IP addressed identified in the subpoena. *See* Docket No. 14. On January 31, 2011, the Court received a Motion to Quash Plaintiff's subpoena, which was submitted by counsel for an "Anonymous" Defendant ("Defendant"). *See* Docket No. 32. This Court has been referred all discovery matters for resolution.

**By no later than February 17, 2011:**

1)     Defendant is ordered to file with the Court and serve on Plaintiff his or her IP address.

2) Defendant shall also file with the Court and serve on Plaintiff a copy of the documents that Verizon served on Defendant. Because the Court has not ruled on Defendant's Motion to Quash, Defendant may cross out his or her identifying information (except for his or her initials and the IP address) on the documents to be submitted.

The Court also notes that Defendant's counsel is located in Georgia, and there is no indication that counsel has been admitted to practice in this Court. Only members of the bar of this Court may practice in this Court, unless the Court approves of a written application by an attorney who is not a member of the California bar to appear *pro hac vice*. *See* Civil Local Rules 11-1 and 11-3.

Verizon, the recipient of Plaintiff's subpoena, shall stay its compliance with Plaintiff's subpoena until **February 18, 2011.**

If Defendant has provided Plaintiff with his or her IP address by February 17, 2011, Plaintiff shall so notify Verizon, which may comply with Plaintiff's subpoena with respect to all IP addresses listed on the subpoena other than the IP address belonging to Defendant and IP addresses belonging to any other Defendants who have timely filed objections or moved to quash the subpoena with the Court.

If Defendant has not provided Plaintiff with Defendant's IP address by February 17, 2011, Plaintiff shall so notify Verizon, which may comply with Plaintiff's subpoena with respect to all IP addresses listed on the subpoena except for IP addresses belonging to any other Defendants who have timely filed objections or moved to quash the subpoena with the Court.

**Immediately upon receipt of this Order, Plaintiff shall serve this Order upon Verizon and shall e-file a proof of service on the same day that service is effected.** Plaintiff shall also promptly notify Verizon that its notice to subscribers which appears to allow for 30 days to file a motion to quash is not in compliance with this Court's November 9, 2010 Order, wherein subscribers were permitted 15 days from service of Verizon's notice upon them to file any such motions with the Court. Verizon shall correct its notice for all future notices that Verizon sends to subscribers in this case.

2

1    IT IS SO ORDERED.

2    Dated: February 9, 2011

_____
DONNA M. RYU
United States Magistrate Judge

**United States District Court**
For the Northern District of California