IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-138 individuals,<br><br>Defendants.<br>_____ / | No. C 10-4381 CW (DMR)<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER TO PROCEED AS DOE DEFENDANT** |

### I.   Introduction

Defendant S.P. has filed a motion for protective order requesting that he/she be permitted to proceed as a "Doe" defendant. The court previously found the matter appropriate for resolution without oral argument pursuant to Local Civil Rule 7-1(b). Having carefully considered the parties' briefs and accompanying submissions, the Court now denies S.P.'s motion.

### II.   Background

Plaintiff filed this copyright infringement action on September 28, 2010, alleging that 138 individual Doe defendants illegally copied and shared Plaintiff's copyright protected materials on a peer-to-peer network. After being granted administrative leave to take early discovery, Plaintiff served a subpoena on Internet service provider Verizon Online LLC requesting the names and addresses of subscribers assigned to specific IP addresses. S.P. is one of the account holders for

whom Plaintiff subpoenaed records. On December 30, 2010, S.P. filed a motion to dismiss, a motion to quash and/or vacate the Verizon subpoena and a motion for protective order. The Honorable Judge Wilken referred the motion for protective order and the motion to quash to this Court. On February 11, 2011, the Court held that the motion to quash can be treated as a motion for protective order, and denied S.P.'s motion to quash as moot in light of the fact that he/she simultaneously filed a motion for protective order. S.P.'s only request in his/her motion for a protective order was to proceed anonymously. The Court stated that it would rule on the merits of S.P.'s request for anonymity in the motion for protective order.

### III.     Standard

The Federal Rules of Civil Procedure provide that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Although the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings," the Ninth Circuit allows parties to proceed anonymously under limited special circumstances. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In *Advanced Textile*, the Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The *Advanced Textile* court found three situations where a party's need for anonymity outweighed the prejudice to an opposing party: "(1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (internal citations omitted). In ruling on a motion to use fictitious names, "[t]he court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id*. (internal citations omitted). The court must "decide whether the public's interest in the case would be best served by requiring that

1 the litigants reveal their identities." *Id*. The moving party bears the burden of demonstrating that it
2 should be permitted to proceed anonymously. *See id*. at 1069.

### IV.    Discussion

S.P. seeks a protective order, and requests permission to proceed as a Doe defendant, on the basis that he/she wishes to "protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court."[1]  Docket No. 20 at 2.  Defendant offers no authority or explanation, however, for the argument that the release of his/her identity to Plaintiff would automatically subject him/her to the jurisdiction of this Court.

S.P. also notes that Plaintiff represents "an entity that produces 'XXX Gay Hardcore Photos and Video'" and asks the Court to "consider the social, familial and employment issues that will face the defendants that will be publicly associated with such content, however legal." Docket No. 49 at 1.  Without any elaboration as to what these issues are, S.P.'s basis for the motion is unclear. It appears that he/she is concerned that public association with a pornographic website will subject him/her to personal and professional embarrassment.  While the content of the copyrighted materials here may be personal in nature, the concern of public embarrassment alone is not one of the three enumerated situations in *Advanced Textile* where the need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity.  Moreover, federal courts have frequently rejected such arguments as a basis for anonymity. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (personal embarrassment is not enough of a basis for anonymity); *Coe v. U.S. Dist. Court*, 676 F.2d 411, 417-418 (10th Cir. 1982) (court rejected plaintiff's argument for anonymity that was based on concerns for his professional medical reputation); and *Southern Methodist Univer. v. Wynne & Jaffee*, 599 F.2d 707, 713 (5th Cir. 1979) (court rejected plaintiffs' anonymity argument that disclosure would stigmatize them and negatively impact their chances of securing future employment).  Having failed to articulate a need for anonymity, then, S.P.'s request cannot outweigh the general presumption that parties' identities are a matter of public record.  The

---

[1] Although Defendant brings this motion pursuant to FRCP Rule 37, that rule in inapposite as it deals with failure to make disclosures or cooperate in discovery.  The Court will instead treat the present motion as a request for a protective order pursuant to FRCP Rule 26(c)(1).

Court therefore finds that the public interest in this case is best served by the parties revealing their identities, and that S.P.'s motion must be denied.

### V.     Conclusion

For the foregoing reasons, the Court DENIES Defendant S.P.'s motion for protective order.

IT IS SO ORDERED.

Dated: May 3, 2011

DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE