IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC.,

    Plaintiff,

  v.

DOES 1-138,

    Defendants.
_____/

No. C 10-04381 CW

ORDER DENYING WITHOUT PREJUDICE S.P.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Docket No. 21) AND SEVERING AND DISMISSING CLAIMS AGAINST DOES 1 THROUGH 9 AND DOES 11 THROUGH 138

    Plaintiff IO Group, Inc., charges 138 Doe Defendants with copyright infringement and civil conspiracy. Plaintiff alleges that Defendants "reproduced, distributed, and publicly displayed, through the P2P network 'eDonkey2000'" its intellectual property. Compl. ¶ 1. On November 19, 2010, the magistrate judge to whom discovery matters are assigned granted Plaintiff's motion to undertake early discovery of Verizon Online, LLC's subscriber records to determine Doe Defendants' identities based on their internet protocol (IP) addresses. Specifically, the magistrate judge's order permitted Plaintiff to serve on Verizon a subpoena for subscribers' information. The order then required Verizon to serve the relevant subscribers notice of Plaintiff's subpoena. If a subscriber did not object or move to quash the subpoena within ten days of being served, Verizon was required to disclose the subscriber's information to Plaintiff.

    S.P., a subscriber who is not a California resident, moves to

dismiss Plaintiff's claims for lack of personal jurisdiction. Plaintiff opposes S.P.'s motion, asserting that the motion is premature because it has not named S.P. as a Defendant. Plaintiff represents, however, that S.P. has used the IP address from which Doe 10 allegedly downloaded Plaintiff's intellectual property. S.P.'s motion was taken under submission on the papers.

Because S.P. is not a party to this action, S.P.'s motion is DENIED without prejudice. However, because Plaintiff now knows that S.P. is the subscriber associated with the IP address associated with Doe 10, it shall determine whether it intends to name S.P. as a Defendant in this action. If it chooses to do so, it shall amend its complaint within seven days of the date of this Order to name S.P. as a Defendant. Plaintiff shall then serve its amended pleading on S.P. within 120 days thereafter. Fed. R. Civ. P. 4(m). If Plaintiff does not file an amended pleading, its claims against Doe 10 will be dismissed without prejudice for failure to prosecute.

The Court SEVERS and DISMISSES without prejudice Plaintiff's claims against Does 1 through 9 and Does 11 through 138. These Defendants allegedly infringed Plaintiff's copyrights from different IP addresses, at different times and, in certain instances, with respect to different registered works. Based on Plaintiff's allegations, the claims against these Defendants do not arise out of the same transaction or occurrence or series of transactions or occurrences. As a result, they are misjoined. See, e.g., IO Group v. Does 1-435, 2011 WL 1219290, at *1-*2 (N.D. Cal.). If Plaintiff files new complaints against these Defendants

2

within twenty-one days, those actions will be deemed a continuation of the original action for purposes of the statute of limitations. Plaintiff's action against Doe 10 may go forward, as provided under this Order.

Because Plaintiff's claims against Does 1 through 9 and Does 11 through 138 are dismissed, the magistrate judge's discovery order is now overbroad. The Court accordingly VACATES the magistrate judge's Order of November 9, 2010, to the extent it permits discovery with respect to Does 1 through 9 and Does 11 through 138. Plaintiff is directed to serve a copy of this Order on Verizon within three days. Once Verizon has received this Order, Verizon shall not disclose any information regarding Does 1 through 9 and Does 11 through 138.

IT IS SO ORDERED.

Dated: 8/11/2011

CLAUDIA WILKEN
United States District Judge